UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ODESSEY F.,

                                    Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

_____

**DECISION AND ORDER**

6:22-cv-06517-EAW

## BACKGROUND

Plaintiff, Odessey F., brought this action pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits.  (Dkt. 1).

On June 16, 2023, the Court granted the Commissioner's unopposed motion to remand the matter for further proceedings.  (Dkt. 12).  The Court issued its judgment on June 20, 2023.  (Dkt. 13).

On August 22, 2023, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death form.  (Dkt. 15).  On November 8, 2023, he filed a motion to substitute party requesting that this Court issue an order substituting Sherry Watts, Plaintiff's mother, for Plaintiff.  (Dkt. 16).  The Commissioner responded and deferred to Court to make a decision on Plaintiff's motion. (Dkt. 18).

## **DISCUSSION**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death."  Fed. R. Civ. P. 25(a).

1) <u>Survival of Claims</u>

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which she is entitled, such benefits will be distributed to her survivors according to a statutorily established priority.  42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted).  Under certain circumstances, such payments can be made to the parent of the deceased individual if there is no surviving spouse or a child left following the death of the deceased individual.  42 U.S.C. § 404(d)(3).  Here, at the time of her death, Plaintiff was not married, and was survived by her mother and two minor children, one of whom became an adult during pendency of this motion.  (Dkt. 16-3 at ¶ 4-6).  Therefore, Plaintiff's Title II claim survived her death.

Plaintiff has also filed an application for benefits under Title XVI of the Act, which, under the regulations, extinguishes when a deceased individual was an adult and had no surviving spouse at the time of her death.  20 C.F.R. § 416.542(b)(4).  Because Plaintiff

was not married at the time of her death, Plaintiff's Title XVI claim extinguished upon her death.

2)  Timeliness of Motion

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death."  Fed. R. Civ. P. 25(a)(1).  "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion."  *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted).  Here, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death form on August 22, 2023.  (Dkt. 15).  Since the instant application was filed within the ninety-day window on November 8, 2023, the Court finds it timely filed.

3)  Proper Party for Substitution

 "A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'"  *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)).  Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent.  *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law.").  A "representative is a person who has received letters to administer the estate of a decedent."  N.Y. E.P.T.L. § 1-2.13.  "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the

- 3 -

motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted). "Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Plaintiff's counsel asserts that Plaintiff's mother, Sherry Watts, should be substituted for Plaintiff. (Dkt. 16-1 at 2-3). He submits that she has administered Plaintiff's estate through a voluntary administration/small estate proceeding, and attaches a copy of Ms. Watts' affidavit submitted to Monroe County Surrogate's Court with the

instant application.  (*Id*. at 2; Dkt. 16-4).  Ms. Watts also affirms that she filed a petition in Monroe County Surrogate's Court to act as the voluntary administrator of her daughter's estate, which allowed her to obtain the funds located in her daughter's bank account—the only asset left by her daughter at the time of her death.  (Dkt. 16-3 at ¶ 8).  Ms. Watts requests substitution and affirms that her daughter did not have a will at the time of her death.  (*Id.* at ¶ 9, 12).

The Court finds that Ms. Watts has not demonstrated that she is a proper party to be substituted.  Neither counsel's affirmation, nor Ms. Watts' affidavit, provide proof establishing that she qualified to serve as the voluntary administrator of her daughter's estate or was granted testamentary letters of administration by the Surrogate's Court.  *See Kim H. v. Comm'r of Soc. Sec*., No. 1:20-CV-1165 (CJS), 2022 WL 3580125, at *2 (W.D.N.Y. Aug. 19, 2022) ("[A] 'voluntary administrator' of an estate is not a 'representative' under New York law, because the affidavits submitted to the Surrogate Court are not equivalent to proof that the person has 'received letters to administer the estate of the decedent.'") (internal citation omitted).  Therefore, Ms. Watts is not a "representative" of the estate.

Additionally, Ms. Watts has not demonstrated that she is a distributee of her daughter's estate.  Even though she could potentially serve as one under N.Y. E.P.T.L. § 4-1.1(a)(4), and affirms that her daughter died destitute, Plaintiff's counsel and Ms. Watts ignore the fact that Plaintiff was also survived by a minor child, who is Plaintiff's distributee with higher priority over Ms. Watts under N.Y. E.P.T.L. § 4-1.1(a)(3) and the

Act.[1]  *See* 42 U.S.C. § 404(d)(2).  Strangely, Plaintiff's counsel acknowledges that Plaintiff's child could potentially serve as a substitute for Plaintiff by submitting that "it is anticipated that Plaintiff's minor child will be able to be substituted in at the agency level." (Dkt. 16-1 at 3).  It is unclear why counsel is expecting to request substitution of Plaintiff by her minor child at the agency level and not at this juncture. Accordingly, Ms. Watts' request to be substituted is denied.  In order for her to be substituted for Plaintiff, she must demonstrate that she is a distributee of her daughter's estate, and that the estate has been distributed without probate, or that she has been qualified as a voluntary administrator or received letters to administer the estate.

## **CONCLUSION**

Accordingly, Plaintiff's motion for substitution (Dkt. 16) is denied without prejudice and with leave to renew within 30 days from the Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      February 12, 2024
            Rochester, New York

---

[1]      At the time of her death, Plaintiff was also survived by her 17-year-old son, who subsequently became an adult during pendency of this motion.  (Dkt. 16-3 at ¶ 5).