UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ODESSEY F.,

                       Plaintiff,          **DECISION AND ORDER**

      v.

                                            6:22-cv-06517-EAW

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

## BACKGROUND

Plaintiff, Odessey F., brought this action pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits.  (Dkt. 1).

On June 16, 2023, the Court granted the Commissioner's unopposed motion to remand the matter for further proceedings.  (Dkt. 12).  The Court issued its judgment on June 20, 2023.  (Dkt. 13).

On August 22, 2023, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death.  (Dkt. 15).  On November 8, 2023, a motion to substitute party was filed by Plaintiff's counsel, requesting that this Court issue an order substituting Sherry Watts, Plaintiff's mother, for Plaintiff.  (Dkt. 16).  The Commissioner responded and deferred to Court to make a decision on Plaintiff's motion. (Dkt. 18).  By Decision and Order issued on February 12, 2024, the Court denied Plaintiff's motion without prejudice to refile it.  (Dkt. 19).

- 1 -

On March 10, 2024, Plaintiff timely filed a second motion to substitute party requesting that O'Fabian Finley-Coleman, Plaintiff's adult son, be substituted *nunc pro tunc* for Plaintiff.[1]  (Dkt. 20).  On March 11, 2024, the Court issued a Text Order setting the deadline for the Commissioner to respond to Plaintiff's motion.  (Dkt. 21).  The Commissioner did not file a response.

## DISCUSSION

As the Court has previously determined that Plaintiff's Title II claim survived her death and that her motion for substitution was filed timely (Dkt. 19 at 2-3), the only remaining issue for this Court to decide is whether Plaintiff's adult son is a proper party for substitution.

Proper Party for Substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'"  *Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661 SLT, 2010 WL 4699871, at *2 (E.D.N.Y. Nov. 10, 2010) (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)).  Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent.  *Garcia*, 2009 WL 261365, at *1 ("Whether

---

[1]   The Court notes that throughout his application, counsel refers to Plaintiff's son as either Plaintiff's mother (Dkt. 20-1 at 1) or Plaintiff's only surviving spouse (*id*. at 4).  The Court admonishes counsel for this sloppiness, and reminds counsel that as an officer of the Court, he is under a continuous obligation to identify his position clearly and unambiguously so that the Court is not burdened with incurring time and effort in piecing together Plaintiff's legal arguments.  Future deficiencies may result in the summary denial of similar applications by Plaintiff's counsel.

a person is a proper 'successor or representative' of the decedent is determined by New York law."). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Plaintiff's counsel asserts that Plaintiff was destitute, did not have a will at the time of her death, and the only asset that she left was a bank account, the contents of which were insufficient to cover her entire funeral expenses.[2] (Dkt. 20-1 at 4; Dkt. 20-2 at ¶¶ 7, 8). Plaintiff was not married at the time of her death and was survived by one child— O'Fabian Finley-Coleman—who was a minor at the time. (Dkt. 20-1 at 3-4; Dkt. 20-2 at

---

[2] Plaintiff's mother administered Plaintiff's estate through a voluntary administration/small estate proceeding filed in Monroe County Surrogate's Court. (Dkt. 16-1 at 2; Dkt. 16-3 at ¶ 8; Dkt. 16-4).

¶¶ 2, 6).  Counsel submits that Plaintiff's son has the highest priority under the Act to be entitled to any underpayment of disability benefits in the event Plaintiff's claim is approved.  (Dkt. 20-1 at 4).

The Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of priority.  *See* 42 U.S.C. § 404(d).  Here, Plaintiff died intestate and left no significant assets.  (Dkt. 20-1 at 4; Dkt. 20-2 at ¶¶ 7, 8).  She was not married at the time of her death and, therefore, is not survived by a spouse.  However, she was survived by a child, who was a minor at the time of her death but has become an adult since then, and who may be eligible to receive Plaintiff's past-due benefits, if any, as her distributee.  42 U.S.C. § 404(d)(2); *see also* N.Y. E.P.T.L. § 4-1.1 (a)(3).  Therefore, the Court is satisfied that O'Fabian Finley-Coleman is a proper party for substitution to represent Plaintiff's claim.

Plaintiff's counsel also requests that this Court grant substitution retroactively to the day following the date of Plaintiff's death.  (Dkt. 20-1 at 5).  He submits that Plaintiff died after Plaintiff's motion for judgment on the pleadings had been filed and before the Court issued a judgment that named Plaintiff as the party when, in fact, there was no party Plaintiff alive.  (*Id.*).

Although the Court agrees that in certain circumstances it can exercise its authority to enter an order that would have a retroactive effect, it declines to issue such an order on the instant motion.  Counsel has failed to cite any legal authority that would allow this Court to grant his request, and to the extent that he seeks to amend or vacate the prior judgment, he must file a proper motion pursuant to Fed. R. Civ. P. 59 or Fed. R. Civ. P.

60. Accordingly, Plaintiff's request to substitute Plaintiff's son for Plaintiff *nunc pro tunc* to the day following Plaintiff's death is denied without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's second motion to substitute (Dkt. 20) is granted to the extent that O'Fabian Finley-Coleman is substituted for Plaintiff. To the extent that Plaintiff seeks substitution *nunc pro tunc*, such request is denied without prejudice. The Clerk of Court is instructed to amend the case caption.

SO ORDERED.

                                                ELIZABETH A. WOLFORD
                                                Chief Judge
                                                United States District Court

Dated:       April 11, 2024
              Rochester, New York